IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LESLIE WILFORD PORTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-393-D |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| COMMUNITY CONFINEMENT CENTER, ) | |
| C/O/ MR. JARVIS, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDTION

Plaintiff Leslie Wilford Porter, (Plaintiff), a federal prisoner appearing pro se and in forma pauperis, brings this federal civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his Eighth Amendment rights. United States District Judge Timothy D. DeGiusti referred the matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth herein, it is recommended that this action be dismissed with prejudice for failure to state a claim upon which relief may be granted. In light of this recommendation, it is further recommended that Plaintiff's Motion to Appoint Counsel [Doc. No. 13] be denied as moot. Finally, it is recommended that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

I.  **ALLEGATIONS**

Plaintiff is currently incarcerated in FCI, El Reno, Oklahoma. His claims arise from his incarceration in what he identifies as Community Confinement Center (CCC)[1] from October

---

[1]Plaintiff does not give the location of CCC. But under Oklahoma law, a correctional facility is not a suable entity. Governmental sub-units of departments, such as a correctional facility, a sheriff's office, or a county agency are not separate suable entities and are not proper defendants in a § 1983 action. *See, e.g., Hinton v. Dennis*, 362 Fed. Appx. 904, 907 (10th Cir. Jan. 25,

2013 thru March 2014. During that time period, Plaintiff alleges he was sexually abused and assaulted by Defendant Jarvis, whom he identifies as being an employee at CCC. [Doc. No. 1] at 2.

According to Plaintiff, Defendant Jarvis threatened to send Plaintiff back to prison for a rule violation unless Plaintiff agreed to oral sex. *Id.* Plaintiff states he attempted to avoid the sexual encounter by offering Defendant Jarvis money, but Defendant Jarvis insisted on oral sex. But when Defendant Jarvis was dissatisfied with the outcome, he took Plaintiff's money. *Id.*

According to Plaintiff, Defendant Jarvis was discovered in a compromising situation with another inmate, leading to an F.B.I. investigation. Plaintiff states Defendant Jarvis admitted to the F.B.I. that he had also sexually assaulted Plaintiff. Plaintiff states he was interviewed by the F.B.I., but he did not have to testify against Defendant Jarvis who admitted his crimes and was found guilty in a federal court. [Doc. No. 1] at 3. Plaintiff seeks actual and punitive damages.

## II. SCREENING REQUIREMENT

Because Plaintiff is a prisoner, this court is required by statute to screen his Complaint and is required to dismiss the Complaint, or any portion thereof, that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) (pertaining to actions brought in forma pauperis). "A complaint may be dismissed sua sponte under § 1915 based on an affirmative defense—such as statute of limitations—only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Starr v.*

---

2010) (unpublished op.) (county criminal justice center is not a suable entity under § 1983). Even if CCC had the capacity to be sued, Plaintiff has failed to state a claim upon which relief may be granted against anyone other than Defendant Jarvis.

*Kober*, 642 Fed. App'x. 914, 918 (10th Cir. 2016) (*quoting Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quotation omitted)).

When a prisoner proceeding in forma pauperis fails to state a claim upon which relief may be granted, the Court's dismissal counts as a strike. 28 U.S.C. § 1915(g). After three strikes, a prisoner's ability to proceed in forma pauperis without pre-payment of fees is limited. *See Id.* Dismissal of a time-barred complaint is considered a dismissal for failure to state a claim upon which relief may be granted. *Smith v. Veterans Administration*, 636 F.3d 1306, 1313 (10th Cir. 2011) (dismissal of complaint as time-barred based on Plaintiff's own allegations is dismissal for failure to state a claim, and the dismissal is counted as a strike under § 1915(g)).

## III. ANALYSIS

Plaintiff's own allegations demonstrate that his action is barred by the statute of limitations. Plaintiff states he was incarcerated at CCC from October 2013 thru March 2014. [Doc. No. 1] at 2. Although Plaintiff does not give the exact date Defendant Jarvis allegedly assaulted him, by his own account, the last possible day the alleged attack could have occurred is March 31, 2014. His Complaint is file-stamped April 20, 2016, and the postmark on the envelope is April 18, 2016, more than two years after the alleged constitutional violation could have happened.

*Bivens* actions follow the same statute of limitations that applies to personal injury suits in the state where the action accrues. *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007). In Oklahoma, that period is two years. Okla. Stat. Ann. tit. 12, § 95(3); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Consequently, the two-year statute of limitations for bringing Plaintiff's claims expired at least by March 31, 2016, and most likely earlier, depending on the actual date of the sexual assault.

Accordingly, based on Plaintiff's own allegations on the face of the Complaint, his claims are time-barred, and it is recommended that they be dismissed with prejudice. *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (affirming dismissal with prejudice of claims barred by the applicable statute of limitations).

## RECOMMENDATION

Because Plaintiff's Complaint was filed after expiration of the applicable statute of limitations, it is recommended his Complaint [Doc. No. 1] be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted. To the extent Plaintiff has asserted claims against the Federal Bureau of Prisons and Community Confinement Center, those claims, too, should be dismissed with prejudice as barred by the statute of limitations. It is further recommended that Plaintiff's Motion to Appoint Counsel [Doc. No. 13] be denied as moot. Finally, it is recommended that this dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by the 11th day of October, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 20th day of September, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE